**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HAL BERNARD BLACK, | ) Case No. CV 19-3562-FMO (JPR) <br> ) <br> ) ORDER DENYING PETITION AND <br> ) DISMISSING ACTION <br> ) <br> ) <br> ) <br> ) |
| Petitioner, | |
| v. | |
| F. MARTINEZ, Warden, | |
| Respondent. | |

On March 15, 2019, Petitioner, who is housed at the U.S. Penitentiary at Lompoc, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody, under 28 U.S.C. § 2241. See Black v. Martinez, No. 2:19-cv-01962-FMO-JPR (C.D. Cal.) (ECF 1). He was convicted by guilty plea in the Northern District of Florida of sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1). See United States v. Black, No. 1:15-cr-00009-MW-GRJ-1 (N.D. Fla. filed May 26, 2015) (ECF 129, 155); (see also Pet. at 2). On April 17, the Court denied the Petition and dismissed the case because it was a disguised successive 28 U.S.C. § 2255 action for which Petitioner had not received permission from the court of appeals to file. See Black, No.

1

2:19-cv-01962-FMO-JPR (ECF 3, 4). Specifically, citing Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008), the Court found that Petitioner was barred from proceeding under § 2241 because he couldn't show that he had not had an "unobstructed procedural shot" at raising his claims under § 2255. See Black, No. 2:19-cv-01962-FMO-JPR (ECF 3 at 2).

On April 29, Petitioner filed a new § 2241 Petition, raising in part the same substantive claim as in the previously dismissed Petition — that he didn't "force" the victim into sex trafficking (see Pet. at 3) — but also arguing that he

> didn't have a unobstructed procedural shot . . . [because] his attorney never explained the law for [the statute of conviction] and at [his] plea hearing The Court never made sure [he] understood the nature of the Charge or that his Conduct was actually within the Charge d[ue] to that [he] didn't know that the conduct the Court claimed didn't fall within the crime element and the de[fendant] didn't have states [illegible] until after the co-defendant of his got information that was not give[n] to [him] violating Brady. So this is why [he] never raised The Argu[]ment.

(Id. at 4.) He does not explain what that "information" is or when he allegedly first learned of it, but to the earlier petition he attached an undated one-page excerpt from what appears to be some kind of police report, in which "B" "stated she was never forced to do anything."[1] Black, No. 2:19-cv-

---

[1] If this is indeed the Brady material to which Petitioner alludes, it apparently did not help whichever codefendant gave it

2

01962-FMO-JPR (ECF 1 at 8).

As the Court has previously explained to Petitioner, generally, after a conviction and sentence are final, the only mechanism for a federal prisoner to seek relief from judgment is through § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). Prisoners may file only one § 2255 motion, and only within certain strict time limits. See § 2255(f), (h). Under the "savings clause" of § 2255, however, a prisoner may file a federal habeas petition when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." § 2255(e). To qualify under that clause, a petitioner must claim he is actually innocent and not have had an "unobstructed procedural shot" at presenting the claim earlier. Harrison, 519 F.3d at 959 (citation omitted). When a federal prisoner files a § 2241 petition, a district court must answer the "threshold jurisdictional question" of whether the petition is properly brought under § 2241 or "is, instead, a disguised § 2255 motion." Marrero v. Ives, 682 F.3d 1190, 1194 (9th Cir. 2012).

Petitioner filed a § 2255 motion in his district of conviction, and it was denied on January 25, 2018. See Black, No. 1:15-cr-00009-MW-GRJ-1 (ECF 204, 243). Without some explanation of when and how he received the document on which he

---

to him. Ranell Carter Jr. appears to remain incarcerated on the 144-month sentence he originally received. See generally United States v. Carter, No. 1:15-cr-009-MW-GRJ-2 (N.D. Fla. filed May 26, 2015) (ECF 201, 210). Tawanda Burkett also appears to remain incarcerated on the 120-month sentence she originally received. See generally United States v. Burkett, No. 1:15-cr-009-MW-GRJ-3 (N.D. Fla. filed May 26, 2015) (ECF 179).

3

apparently relies to raise his claim — and why through the exercise of diligence he couldn't have gotten it earlier — the Court cannot find § 2255 inadequate as a vehicle to raise his claim. And even if he didn't learn of the document until after his first § 2255 motion had already been denied, he nowhere explains why he can't petition the 11th Circuit Court of Appeals to allow him to file a successive such motion. The ban on unauthorized successive § 2255 motions does not by itself render § 2255 inadequate or ineffective. See Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006). If Petitioner desires to file another § 2255 motion, he must first get permission from the appropriate court of appeals. See § 2255(h); see also § 2244(b)(3). It is for these same reasons that the Court summarily dismissed an even earlier habeas petition Petitioner filed in this Court, Black v. Swain, No. 5:18-cv-0937-FMO (C.D. Cal. dismissed May 11, 2018), and yet the Court's review of PACER indicates that Petitioner has never asked the court of appeals for leave to file a second § 2255 motion.

For all these reasons, Petitioner has not shown that § 2255 is inadequate or ineffective as a means of providing him relief, and his Petition must therefore be summarily dismissed under Local Rule 72-3.2 for lack of jurisdiction.[2]

---

[2] Local Rule 72-3.2 provides that "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge."

ACCORDINGLY, IT IS ORDERED that Petitioner's Petition for a Writ of Habeas Corpus is denied and this action be dismissed.

DATED: May 16, 2019

          /s/
FERNANDO M. OLGUIN
U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge